IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JAMES F. FAULCONER**, | Case No. 3:15-cv-745-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **CAROLYN W. COLVIN**, Commissioner of Social Security, | |
| Defendant. | |

Kathryn Tassinari and Mark A. MANNING; HARDER, WELLS, BARON, & MANNING, P.C.; 474 Willamette Street, Suite 200, Eugene, OR 97401. Of Attorneys for Plaintiff.

Billy J. Williams, United States Attorney, and Janice E. Herbert, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204-2902; Catherine Escobar, Special Assistant United States Attorney, OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104-2240. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

James Faulconer seeks judicial review of the final decision of the Commissioner of the

Social Security Administration ("Commissioner") denying his applications for Disability

Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). For the reasons set forth

below, the Commissioner's decision is REVERSED and this case REMANDED for further proceedings.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

# BACKGROUND

## A.  Plaintiff's Application

Mr. Faulconer filed applications for DIB and SSI on July 21, 2011, alleging disability as of July 18, 2010. AR 22, 180. Born in March 1965, Mr. Faulconer was 45 years old on the alleged disability onset date and 48 years old at the time of his administrative hearing. AR 44, 180. Mr. Faulconer alleges disability due to: enlarged prostate and kidney; urinary restrictions, "harding" of the otorius; hydroureter; high blood pressure; mild mental retardation; bipolar disorder; cognitive disorder; attention deficit hyperactivity disorder; learning disorder; intermittent explosive disorder; and severed tendons in his dominant right hand. AR 184; ECF 20 at 1. The Commissioner denied Mr. Faulconer's applications initially and upon reconsideration, and he requested a hearing before an Administrative Law Judge ("ALJ"). AR 96-97. After an administrative hearing, an ALJ issued an adverse decision on August 9, 2013. AR 37. The Appeals Council denied Mr. Faulconer's timely request for review, and thus the ALJ's decision became the final decision of the Commissioner. AR 1-3. Mr. Faulconer now seeks review in this Court.

## B.  The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is

potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential

process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in

> significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C.  The ALJ's Decision

The ALJ performed the sequential analysis. AR 24-37. At step one, the ALJ found Mr. Faulconer had not engaged in substantial gainful activity since July 18, 2010, the alleged onset date. AR 24. At step two, the ALJ concluded Mr. Faulconer had the following severe impairments: alcohol abuse; adjustment disorder with mixed anxiety and depressed mood; personality disorder; and severed tendons on the right hand. *Id.* At step three, the ALJ determined Mr. Faulconer did not have an impairment or combination of impairments that met or equaled a listed impairment. AR. 26.

The ALJ next assessed Mr. Faulconer's RFC and found that he could perform medium work with the following exceptions:

> The claimant can frequently climb ramps and stairs, but cannot climb ladders, ropes, or scaffolds, and can occasionally balance. He is unlimited in his abilities to stoop, kneel, crouch, and crawl. The claimant can frequently handle and occasionally finger with his dominant right hand, with no requirement to perform work requiring the use of a keyboard and no requirement to write. The claimant has no restriction on the use of his left hand. He is able to understand, remember, and carry out simple tasks, and is able to maintain concentration in two-hour intervals. He can have incidental contact with the general public, but such contact cannot be an essential element of any tasks. The claimant cannot perform tandem tasks or tasks involving cooperative team effort.

AR 28. At step four, the ALJ found that Mr. Faulconer was capable of performing his past relevant work as a concrete truck driver. AR 34.

Despite finding Mr. Faulconer able to perform his past relevant work, the ALJ proceeded to step five. Based on the testimony of a VE, the ALJ concluded Mr. Faulconer could perform other jobs that exist in significant numbers in the national economy, including agricultural produce sorter, marker/price marker in retail, and production assembler. AR 36. Accordingly, the ALJ found Mr. Faulconer not disabled. AR 36-37.

## DISCUSSION

Mr. Faulconer argues the ALJ erred by: (A) failing to find his impairments meet Listing 12.05C; (B) improperly assessing medical opinion evidence; and (C) finding Plaintiff capable of performing past relevant work or other work existing in the national economy.

### A.  Listing 12.05C

Mr. Faulconer contends the ALJ erroneously failed to find his impairment or combination of impairments meets or equals Listing 12.05C—intellectual disability—at step three of the sequential evaluation process. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404,

Subpt. P, App. 1 § 12.05C. Specifically, Listing 12.05C requires that a claimant prove: "(1) subaverage intellectual functioning with deficits in adaptive functioning initially manifested before age 22; (2) a valid IQ score of 60 to 70; and (3) a physical or other mental impairment imposing an additional and significant work-related limitations." *Kennedy v. Colvin*, 738 F.3d 1172, 1174 (9th Cir. 2013).

The ALJ did not address whether Mr. Faulconer met or equaled Listing 12.05C. *See* AR 26-27. Mr. Faulconer argues the omission was harmful error, alleging that he meets the relevant criteria based on evidence of a Full-Scale IQ score of 62, in conjunction with other impairments found severe at step two of the sequential evaluation process.

Mr. Faulconer's position lacks support, as he does not, and on this record cannot, show he meets the first requirement of § 12.05C, which requires not only subaverage intellectual functioning, but also adaptive functioning deficits manifested before age 22. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05; *Kennedy*, 738 F.3d at 1174. As noted by the Commissioner, Mr. Faulconer's briefs do not allege facts in support of onset prior to age 22. Although independent review of the administrative record reveals an isolated report that Mr. Faulconer was enrolled in special education classes as a youngster, the report is otherwise unsupported. AR 345 ("Mr. Faulconer reported that he received special education services in a self-contained classroom setting from the 8th to the 12th grade."). Mr. Faulconer does not proffer any evidence or argument to buttress the allegation contained in the report. Further, other substantial evidence of record indicates Mr. Faulconer was not enrolled in special education classes, and he earned his high school diploma. AR 46, 299 ("He went to 12th grade in a regular educational program").

The burden rests on the plaintiff to prove he meets or equals a listing. *See Burch*, 400 F.3d at 683. Here, Mr. Faulconer has failed to demonstrate that he meets the threshold criteria of

Listing 12.05C. Further, Mr. Faulconer has not posited that his combination of impairments medically equals Listing 12.05C. *See Kennedy*, 738 F.3d at 1177. Accordingly, Mr. Faulconer has not carried his burden under the regulations, and therefore, to the extent the ALJ may have erred in failing to explicitly "consider" whether Mr. Faulconer met (or medically equaled) Listing 12.05C, any error was harmless.[1]

## B. Medical Opinion Evidence

Mr. Faulconer assigns error to the ALJ's assessment of the medical opinions of Drs. Richard Newbold and David Freed. The ALJ is responsible for resolving conflicts in the medical record, including conflicting physicians' opinions. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). The Ninth Circuit distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. The opinions of treating physicians are generally accorded greater weight than the opinions of non-treating physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). A treating doctor's opinion that is not contradicted by the opinion of another physician can be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991).

If a treating doctor's opinion is contradicted by the opinion of another physician, the ALJ must provide "specific, legitimate reasons" for discrediting the treating doctor's opinion. *Murray*

---

[1] Although Mr. Faulconer does not proffer evidence of deficits in adaptive functioning before age 22, he nonetheless argues the ALJ erred by failing to explain why Listing 12.05C was not met at step three. In support of this argument, Mr. Faulconer erroneously cites a 10th Circuit case, *Clifton v. Chater*, 79 F.3d 1007 (10th Cir. 1996), as a 9th Circuit case. *Id.* As such, *Clifton* is not binding precedent. Even if it were binding, however, *Clifton* is distinguishable because the ALJ in that case apparently failed to discuss *any* evidence or make *any* findings at step three as to *any* of the listings. *Clifton*, 79 F.3d at 1009. Regardless, because Mr. Faulconer fails to demonstrate that he meets the threshold Listing 12.05C criteria, his *Clifton* argument is inapposite.

*v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). Additionally, the ALJ must accord greater weight to the opinion of an examining physician than that of a non-examining physician. *Lester*, 81 F.3d at 830. As is the case with a treating physician's opinion, the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990). If the opinion of an examining physician is contradicted by another physician's opinion, the ALJ must provide "specific, legitimate reasons" for discrediting the examining physician's opinion. *Lester*, 81 F.3d at 830. Specific, legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with the medical records, inconsistency with a claimant's testimony, or inconsistency with a claimant's activities of daily living. *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008). It is error to ignore an examining physician's medical opinion without providing reasons for doing so; an ALJ effectively rejects an opinion when he ignores it. *Smolen v. Chater*, 80 F.3d 1273, 1286 (9th Cir. 1996).

### 1. Dr. Newbold

Mr. Faulconer argues that the ALJ did not accord sufficient weight to the medical opinion of examining physician Dr. Newbold. Dr. Newbold opined that a severed tendon in Mr. Faulconer's right "long and ring" fingers limit Mr. Faulconer to only occasional handling and fingering. AR 266. Further, Mr. Faulconer asserts that the ALJ was required to provide clear and convincing reasons to reject Dr. Newbold's opinion because it was uncontroverted in the record. The Commissioner does not dispute Mr. Faulconer's assertion as to the proper legal standard, but nevertheless maintains the ALJ properly rejected the handling and fingering limitations set forth by Dr. Newbold.

Upon review of the record, the Court agrees that Dr. Newbold's handling and fingering limitations are not contradicted by any other physician of record. Indeed, state agency examiner

Jon Arnow, M.D. expressly endorsed Dr. Newbold's finding. AR 331. Accordingly, the ALJ was required to provide specific, clear, and convincing reasons to reject the handling and fingering limitations set forth by both doctors. *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014). The exacting legal standard is warranted because, "even when contradicted, a treating or examining physician's opinion is still owed deference and will often be 'entitled to the greatest weight . . . even if it does not meet the test for controlling weight.'" *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (alteration in original) (quoting *Orn*, 495 F.3d at 633).

The ALJ declined to adopt Dr. Newbold's handling and fingering limitations because they were "inconsistent with the claimant's activities, minimal treatment, and objective findings, and with claimant's own beliefs and his testimony." AR 32. Similarly, the ALJ declined to adopt the corresponding portion of Dr. Arnow's opinion because it was "not consistent with the claimant's own beliefs or his testimony." *Id.* The ALJ did not, however, identify which of Mr. Faulconer's activities were inconsistent with a limitation to occasional handling and fingering, which objective findings were inconsistent, or which beliefs or testimony was inconsistent. *See* AR 29-32. Additionally, the ALJ did not explain why Mr. Faulconer's "minimal treatment" affected the veracity of either of the doctors' findings. *See id.*

An ALJ may reject uncontradicted medical opinions by "setting out a detailed and thorough summary of the facts and conflicting medical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). In other words, the ALJ must identify conflicting medical evidence and "set forth his own interpretations and explain why they, rather than the doctors,' are correct." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). Here, however, in rejecting uncontroverted evidence of occasional handling and fingering limitations, the ALJ merely recited boilerplate rationales asserting inconsistences

in the record, while neglecting to link *any* of the alleged inconsistencies specifically to the record, or provide even a cursory explanation thereof. *See* AR 29-32; *Garrison*, 759 F.3d at 1012-13 (find that an ALJ errs in rejecting a medical opinion using "boilerplate language that fails to offer a substantive basis for his conclusion"). Thus, although the Court acknowledges that an ALJ is not required to recite "magic words" in rejecting a medical opinion, the ALJ must nonetheless provide sufficient guidance for the Court to determine if the reasons provided are legally valid and based on substantial evidence. *See Magallanes*, 881 F.2d at 755; *cf. Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) (recognizing that the agency's path must reasonably be able to be discerned).

Further, the Court is left to guess what purported inconsistencies in Mr. Faulconer's activities of daily living, the objective findings, and Mr. Faulconer's own "beliefs and testimony" are inconsistent with a limitation to occasional handling and fingering. The Ninth Circuit requires greater specificity: the Court "may not take a general finding—an unspecified conflict between Claimant's testimony about daily activities and reports to her doctors—and comb the administrative record to find specific conflicts." *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014). Similarly, the ALJ's vague rationales do not rise to the specific-and-legitimate legal standard, let alone the heightened clear-and-convincing standard. *See, e.g.*, *Ghanim*, 763 F.3d at 1162-63 (finding that the ALJ was required to provide an explanation for concluding that the physicians' opinions were based on the plaintiff's self-reports in order to meet specific-and-legitimate standard).

The ALJ also found that Dr. Newbold's opinion was inconsistent with Mr. Faulconer's "minimal treatment." AR 32. Failure to seek treatment or attend scheduled medical appointments is typically invoked as a relevant factor in assessing the credibility of a claimant's pain

allegations. *See, e.g.*, *Burch*, 400 F.3d at 681. Once again, however, the ALJ states a conclusion, but does not provide any explanation why Mr. Faulconer's minimal treatment calls into question Dr. Newbold's opinion regarding handling and fingering limitations. AR 32. There is no indication in the record that less conservative treatment would have affected Mr. Faulconer's functional limitations, Dr. Newbold did not recommend any further treatment, and, notably, the Commissioner does not argue that less conservative treatment would have improved Mr. Faulconer's condition. At the administrative hearing, when asked why he did not seek treatment for his hand, Mr. Faulconer testified that he had been told that the tendons in his hand were "too badly damaged" to repair. AR 60. Thus, the ALJ's finding is not only overly vague, but unsupported by substantial evidence in the medical record. The rationale cannot be upheld.

In her response brief, the Commissioner notes a few specific inconsistencies regarding Mr. Faulconer's limitations in handling and fingering in support of the ALJ's other conclusions. For example, the Commissioner argues Dr. Newbold's finding of reduced grip strength is inconsistent with earlier examinations, that Mr. Faulconer's ability to tie his shoes is inconsistent with Dr. Newbold's assessment, and that Dr. Newbold did not explain why Mr. Faulconer's reduced grip strength and range of motion would affect the frequency with which he could handle objects. The Commissioner also contends that the ALJ need not give weight to opinions that are inconsistent with a claimant's demonstrated function ability, conclusory, brief, or unsupported by the record as a whole. The ALJ, however, did not invoke these rationales in her written decision, and therefore the Court may not now affirm the denial of benefits on those grounds. *Orn*, 495 F.3d at 630 (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)); *see also Burrell*, 775 F.3d at 1138; *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001). As

such, the ALJ's rationales for rejecting the consistent and uncontroverted handling and fingering

limitations endorsed by Drs. Newbold and Arnow constitute legal error.

### 2. Dr. Freed

Mr. Faulconer also assigns error to the ALJ's assessment of examining psychologist

Dr. Freed's opinion, which was accorded "little weight." AR 32. The ALJ found Dr. Freed's

opinion unpersuasive for several reasons: (1) the consultative examination was paid for by

Mr. Faulconer's attorney; (2) it relies "substantially" on Mr. Faulconer's subjective complaints,

which appeared to be "not entirely honest"; (3) it is unsupported by the objective record; and

(4) it does not address Mr. Faulconer's reported alcohol abuse. AR 34. Because relevant portions

of Dr. Freed's opinion are contradicted on this record by the opinion of examining psychologist

Robert W. Wildman, Ph.D., the ALJ's rationales are subject to the specific-and-legitimate

standard of review. *Molina*, 674 F.3d at 1111.

The ALJ's first rationale is invalid. The Ninth Circuit has held that the fact that a

consultative examination was facilitated by an attorney is "relevant where there is no objective

medical basis for the opinion, and there is evidence of 'actual improprieties' on the part of the

doctor whose report the ALJ chooses to reject." *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir.

1996) (citations omitted). Generally, "[a]n examining doctor's findings are entitled to no less

weight when the examination is procured by the claimant than when it is obtained by the

Commissioner." *Lester*, 81 F.3d at 832 (citing *Ratto v. Sec'y, Dept. of Health and Human*

*Servs.*, 839 F. Supp. 1415, 1426 (D. Or. 1993)). Here, because neither the ALJ nor the

Commissioner introduced evidence of actual impropriety, the ALJ's finding cannot be sustained.

*Id.*

Mr. Faulconer contends the ALJ's second rationale is also invalid, arguing that Dr. Freed

did not substantially rely upon Mr. Faulconer's subjective complaints. An ALJ may reject the

medical opinion of a treating or examining physician if that opinion is premised on the claimant's subjective complaints when the ALJ has determined the claimant's complaints are not fully credible. *Tommasetti*, 533 F.3d at 1041; *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989).

The ALJ noted that despite Dr. Freed administering several psychological tests, his opinion was largely based on subjective complaints, which the ALJ characterized as "not entirely honest," pursuant to the ALJ's adverse credibility finding. AR 28-31, 33. For example, the ALJ explained that Dr. Freed relied on Mr. Faulconer's claim that he had been enrolled in special education classes in high school, despite Mr. Faulconer's earlier assertions that he obtained a regular high school diploma. AR 33. Mr. Faulconer contends that Dr. Freed did not reach this conclusion based on Mr. Faulconer's statements to the doctor, but rather Dr. Freed reached the conclusion on his own, as Mr. Faulconer reported earning a regular diploma despite taking special education classes. Mr. Faulconer does not, however, address the fact that he previously told another psychological consultant, Robert W. Wildman II, Ph.D., that Mr. Faulconer was in a "normal educational program," and indicated that he did not attend special education classes in his disability application. AR 185, 299. Accordingly, the ALJ's belief that Mr. Faulconer's statements to Dr. Freed are not entirely credible is supported by substantial evidence in the record, even if other rational interpretations of the evidence exist.

The ALJ further supported her finding by noting that Dr. Freed appeared to accept Mr. Faulconer's assertions that he had a history of significant head trauma and discrete loss of consciousness. AR 33. Indeed, Dr. Freed expressly linked Mr. Faulconer's reported history of repeated head injuries to diagnoses of cognitive disorder and a "possible" seizure disorder. AR 349-50, 352. As the ALJ notes, Mr. Faulconer did not report any traumatic head injury to Dr. Newbold or Dr. Wildman, although both doctors obtained medical health histories during

their examinations. *Compare* AR 263-64, 298-99 *with* AR 344-46, 349-50. Inconsistent reporting

to a treating or examining physician is a valid credibility factor, and thus, to the extent

Dr. Freed's opinion was predicated on Mr. Faulconer's self-reporting of repeated traumatic brain

injury or hypomanic episodes, it was within the ALJ's discretion to accord the doctor's

conclusions diminished weight. *Batson*, 359 F.3d at 1193 (noting that ALJ's findings are upheld

if supported by reasonable inferences from the record, even if there is more than one rational

interpretation); *Tackett*, 180 F.3d at 1098 (noting that a court may not substitute its judgment for

that of the ALJ when evidence supports either confirming or reversing ALJ's decision).

   Mr. Faulconer contends that the ALJ further erred in rejecting Dr. Freed's opinion

regarding the alleged history of head injuries because Dr. Freed did not find evidence of

malingering. The Ninth Circuit has held that substantial evidence did not support an ALJ's

finding that an examining physician took a plaintiff's statements at face value where there was

no indication of malingering or deception. *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166

F.3d 1294, 1300 (9th Cir. 1999). However, unlike the case in *Reginnitter*, here the ALJ identified

other evidence that Mr. Faulconer was not being completely truthful—specifically, he did not

report his purported significant history of "as many as two dozen head injuries" to either

Dr. Newbold or Dr. Wildman, despite the fact that at least Dr. Newbold explicitly solicited

Mr. Faulconer's neurological history. AR 264, 345. Moreover, as stated above, the ALJ found

Mr. Faulconer had previously been suspected of not putting forth a full effort during his testing

with Dr. Wildman. AR 300.

   The ALJ also indicated that the accuracy of Dr. Freed's medical opinion was diminished

because the doctor did not mention the impact of Mr. Faulconer's alcohol abuse, although the

issue was prominently covered in the reports prepared by Drs. Wildman and Newbold. AR 33-

34; 266; 302-03. Indeed, Dr. Freed did not mention alcohol abuse in the medical or psychiatric

history portions of his report. AR 345-46. Under the heading for substance abuse history,

Dr. Freed noted that Mr. Faulconer reported no history of substance abuse, and that alcohol had

not been "a source of problems in his life." AR 346. The ALJ interpreted these findings as

suggesting Dr. Freed either did not fully review Mr. Faulconer's relevant medical history, or

instead disregarded evidence that did not support the disability claim, diminishing the veracity of

Dr. Freed's opinion. AR 34. Again, although Mr. Faulconer disputes the ALJ's conclusion, the

ALJ is the final arbiter of conflicts and ambiguities in the medical record, and here, the ALJ's

rationale is specific, rational, and supported by substantial evidence in the record. *See*

*Tommassetti*, 533 F.3d at 1041. The ALJ's finding was not, therefore, erroneous.

Finally, the ALJ found Dr. Freed's opinion of long-standing severe mental impairment

inconsistent with Mr. Faulconer's ability to perform substantial gainful activity for many years.

AR 34. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) ("Bayliss has faced these

limitations since at least 1995 . . . and they have not prevented her from completing high school,

obtaining a college degree, finishing a Certified Nurses' Aide training program, and participating

in military training."). Although Mr. Faulconer argues his physical and mental impairments

developed later, he does not provide any evidence in support of subsequent worsening.

In sum, the ALJ provided several specific-and-legitimate rationales, supported by

substantial evidence, for according Dr. Freed's opinion diminished weight. The Court may not,

therefore, disturb her finding.

## C.  Steps Four and Five

Mr. Faulconer disputes the ALJ's findings that Mr. Faulconer could perform his past

relevant work as a concrete-truck driver, and, alternatively, that other work exists in sufficient

numbers in the U.S. economy that he retains the RFC to perform. Because the ALJ erred in

discrediting Dr. Newbold's opinion that Mr. Faulconer was limited to only occasional handling and fingering, the hypothetical questions to the VE were incomplete, and therefore the VE's testimony is of no evidentiary value. *See* AR 73-75; *Bray*, 554 F.3d at 1228 (citing *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991)). Accordingly, the ALJ's ultimate decision is not supported by substantial evidence and remand is required.

## D.  Remand

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001) (citation omitted). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Id.* at 1100. A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Act. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this Court. *Garrison*, 759 F.3d at 999. The United States Court of Appeals for the Ninth Circuit articulates the rule as follows:

> The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence. If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential

factual matters have been resolved. In conducting this review, the
district court must consider whether there are inconsistencies
between the claimant's testimony and the medical evidence in the
record, or whether the government has pointed to evidence in the
record that the ALJ overlooked and explained how that evidence
casts into serious doubt the claimant's claim to be disabled. Unless
the district court concludes that further administrative proceedings
would serve no useful purpose, it may not remand with a direction
to provide benefits.

If the district court does determine that the record has been fully
developed and there are no outstanding issues left to be resolved,
the district court must next consider whether the ALJ would be
required to find the claimant disabled on remand if the improperly
discredited evidence were credited as true. Said otherwise, the
district court must consider the testimony or opinion that the ALJ
improperly rejected, in the context of the otherwise undisputed
record, and determine whether the ALJ would necessarily have to
conclude that the claimant were disabled if that testimony or
opinion were deemed true. If so, the district court may exercise its
discretion to remand the case for an award of benefits. A district
court is generally not required to exercise such discretion,
however. District courts retain flexibility in determining the
appropriate remedy and a reviewing court is not required to credit
claimants' allegations regarding the extent of their impairments as
true merely because the ALJ made a legal error in discrediting
their testimony.

*Dominguez v. Colvin*, 808 F.3d 403, 407-08 (9th Cir. 2015) (internal citations and quotation

marks omitted).

As discussed above, the ALJ erred by failing to provide legally sufficient reasons for

disregarding Dr. Newbold's opinion that Mr. Faulconer is limited to occasional handling and

fingering, a finding further endorsed by state agency physician Dr. Arnow. The VE testified that

if Mr. Faulconer were so limited, he would not be able to perform any of the occupations

identified by the ALJ at steps four and five of the sequential evaluation process. AR 34-36, 76-

77. Because the error potentially affects the outcome of this case, it is not harmless, and therefore

remand is necessary. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

Accordingly, the Court must determine whether the record is fully developed and no outstanding issues of fact remain unresolved. *Dominguez*, 808 F.3d at 407-08. While Mr. Faulconer contends the relevant medical evidence should be credited because it is not contradicted by another medical opinion of record, the record is equivocal regarding the Mr. Faulconer's functional limitations. For example, even though Dr. Newbold assessed limited occasional handling and fingering with reduced grip strength, he observed Mr. Faulconer was able to tie his own shoes despite his impairment. AR 265. Additionally, in a chart note composed closer in time to Mr. Faulconer's hand injury, a treating provider noted that Mr. Faulconer's hand sutures had been removed, and he had no problems and "good ROM [range of motion] of fingers." AR 261. Further, despite his alleged hand impairment, Mr. Faulconer testified that he was still able to fish (which presumably involves fine motor skills in handling lines and hooks), and only stopped fishing because he became "tired of waiting on the fish to bite." AR 59. Finally, Dr. Newbold did not explain why Mr. Faulconer's handling and fingering were so limited, other than asserting it was due to "the severed tendon in his right long and ring fingers." AR 266.

Although Mr. Faulconer argues that Dr. Newbold's opinion alone directs a finding of disability, the outstanding issues above create doubt as to whether Mr. Faulconer's condition actually limits him to occasional handling and fingering. This question is critical, because if Mr. Faulconer is capable even of merely frequent handling and occasional fingering, the Commissioner's decision would be upheld, based on the VE's responses to the hypothetical questions. AR 75-76. Moreover, Mr. Faulconer's claims are further undercut by the ALJ's adverse credibility determination, which Mr. Faulconer does not dispute on review.

Therefore, based on inconsistences and conflicts in the record which require further development in administrative proceedings, the Court does not reach the final question of the credit-as-true analysis, whether the ALJ would be required to find Mr. Faulconer disabled if Dr. Newbold's functional findings were credited as true. *See Dominguez*, 808 F.3d at 410 (citing *Burrell*, 775 F.3d at 1141).

## CONCLUSION

The Commissioner's decision that Mr. Faulconer is not disabled is not based on proper legal standards and supported by substantial evidence. Thus, Mr. Faulconer's request for remand (ECF 1) is GRANTED. The Commissioner's decision is REVERSED, and this case REMANDED for further proceedings consistent with this opinion.

**IT IS SO ORDERED**.

DATED this 7th day of July, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge